| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

In Re: § 
§
Russell Budnick, § Civil Action H-10-3728
§
          Debtor. § Bankruptcy H-10-32663
------------------------------------ §

# Opinion Denying a Stay of Foreclosure Pending Appeal and Allowing Foreclosure

    After an emergency hearing on Russell Scott Budnick's motion for a reimposition of the bankruptcy stay until his appeal is heard, the lender's remedies against the real estate may proceed without limit. The remedies expressly include that the substitute trustee may auction 1226 Maui Drive, Tiki Island, Galveston County, Texas, on November 2, 2010, at a trustee's foreclosure sale.

    The note is held by U.S. Bank, as trustee, and it has hired a mortgage servicer – Ocwen Loan Servicing. Ocwen has authority to enforce the note and deed of trust on behalf of U.S. Bank. The borrowers are Russell Scott Budnick and Colleen Devine, his wife. The house is not their homestead.

    Budnick argued that Ocwen Loan Servicing neither was the real party in interest nor had standing to appear in court for the note holder, receive payments, serve the loan, or request foreclosure of the deed of trust lien. Budnick is appearing for himself, and he misunderstood the meaning to those concepts. The deed of trust, note, and U.S. Bank's – itself a trustee – appointment of Ocwen as its agent were in the record and clear. Budnick had no reason to question Ocwen's authority. Since it became the servicer in the fall of 2007, he sent payments only to it. No one else contacted him about the note. When he stopped making payments in October of 2008 he dealt only with Ocwen, acknowledging its standing and interest in the note.

    He argued that he had not understood that the loan had a variable interest rate. Although it would not have mattered if he had signed papers in his fourth acquisition of

land without understanding them, the note carries the title Adjustable Rate Note. Its seventh sentence says simply that the rate of interest may change.

Budnick said that Ocwen was confused and unhelpful. Assuming that to be true, its confusion does not explain his not having tendered a payment since October of 2008 – in any amount. He was not confused that his second home on a canal of the Tiki Island resort required him to pay Galveston County and others property taxes; he has not done that in 2009 and will not for 2010, adding about $16,000 to the costs to the holder of its having lent him money.

The property is not anyone's homestead. It has no role in a reorganization because Budnick has chosen to liquidate. The amount due on the note exceeds the value of the property by at least one-half of the value, leaving Budnick with no hope of recovering equity, which would go to his creditors.

Budnick will suffer no injury – irreparable or otherwise – if the foreclosure proceeds. If Budnick has a claim, hypothetically, the suit would be for money, and it would fully compensate him. When a stay of the foreclosure would harm the other parties, they should not be impeded further. Budnick is discharging the mortgage note in bankruptcy so that Ocwen may not recoup the deficiency on the note from Budnick after foreclosure. Stopping this foreclosure again would dis-serve the public interest.

The property will be sold by the equitable owner through its agent. The sale on schedule will probably moot the remainder of the appeal; however, it will remain open until the transfer has been completed and a hearing is held to ensure that no one attempts to evade the decisions of the bankruptcy court and this one.

Signed on October 24, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge